UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURRY,

                Plaintiff,

        -against-

THE STATE OF NEW YORK; RODNEY
YOUNG, Regional Director; MS. CHARVEY,
Parole Counselor; MS. CLAYBURN PAROLE
(ORC); LEWIS ROBINSON, Parole Officer;
TINA STANFORD, Board of Parole,

                Defendants.

1:22-CV-5262 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff John Curry, who is currently incarcerated in the Marcy Correctional Facility

("Marcy"), filed this *pro se* action under 42 U.S.C. § 1983, seeking damages, his release from

custody, and his placement into the homeless shelter in which he resided before his parole was

revoked.[1] He sues: (1) the State of New York; (2) Rodney Young, a Bronx regional director

within the parole division of the New York State Department of Corrections and Community

Supervision ("DOCCS"); (3) "Ms. Charvey," a DOCCS offender rehabilitation coordinator

("ORC") who was assigned to the Downstate Correctional Facility ("Downstate")[2]; (4) "Ms.

Clayburn," another DOCCS ORC who was assigned to Downstate; (5) Lewis Robinson, a

DOCCS parole officer who is assigned to a parole office in the Bronx, New York; and (6) Tina

Stanford, the Chairwoman of the New York State Board of Parole.

---

[1] Plaintiff originally filed his complaint, his motion for leave to proceed *in forma pauperis*, his motion to request the assignment of counsel, and a series of letters in the United States District Court for the Eastern District of New York. That court denied Plaintiff's motion to request the assignment of counsel, and transferred this action to this court, reserving to this court the decision as to whether to grant Plaintiff *in forma pauperis* status.

[2] Downstate is presently closed.

By order dated August 17, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[3] For the following reasons, the Court: (1) dismisses Plaintiff's claims for damages and injunctive relief under 42 U.S.C. § 1983 against the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and because Plaintiff seeks monetary relief from a defendant that is immune from such relief; (2) dismisses his remaining claims for damages and injunctive under Section 1983 against the individual defendants for failure to state a claim on which relief may be granted, but without prejudice to Plaintiff's reassertion of those claims after he has been granted *habeas corpus* relief, or other relief, that would invalidate his current incarceration, and; (3) transfers Plaintiff's remaining claims for his release from custody and restoration to parole, which the Court construes, for the purpose of this order, as claims for *habeas corpus* relief under 28 U.S.C. § 2254, to the United States District Court for the Northern District of New York.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[3] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The Court gleans Plaintiff's allegations from the complaint's statement of claim, from attachments to the complaint, from a letter (ECF 9) that Plaintiff subsequently filed while this action was still pending in the United States District Court for the Eastern District of New York,

as well as from a letter (ECF 18) that Plaintiff has filed in this court.[4] The Court understands

those submissions as alleging the following: In 1988, Plaintiff was convicted, in the New York

Supreme Court, Kings County, of the following offenses: (1) two counts of murder in the second

degree, for which Plaintiff which was sentenced to two prison terms of 25 years to life;

(2) kidnapping in the first degree, for which Plaintiff was sentenced to a prison term of 25 years

to life; and (3) manslaughter in the first degree, for which Plaintiff was sentenced to a prison

term of 100 months to 25 years. On December 29, 2017, DOCCS released Plaintiff on parole. In

September 2020, Plaintiff pleaded guilty to a parole violation (most likely issued by Defendant

Robinson), and he was sentenced to a 6-month parole violation prison sentence with a release

date of December 9, 2021. DOCCS did not, however, release Plaintiff back to parole on that

date; Plaintiff remains incarcerated.[5]

In December 2021, while Plaintiff was incarcerated in Downstate after his December 9,

2021, release date had passed, he made inquiries with DOCCS officials as to why he remained

incarcerated. In response, DOCCS officials (including Defendants Young and Clayburn)

informed him that, under New York's Sexual Assault Reform Act ("SARA"), N.Y. Exec. Law

§ 259-c(14), because Plaintiff had been convicted of kidnapping in the first degree and because

his victim had been a minor, Plaintiff was retroactively designated as a sex offender, and is

prohibited from residing, as a parolee, within 100 feet of a school or other institution in which

minors congregate; he is only permitted to reside in SARA-compliant housing while on parole.

Plaintiff filed unsuccessful grievances, and was referred to DOCCS's parole division for SARA-

compliant housing. Plaintiff has proposed residence addresses to DOCCS parole officials, but

---

[4] The Court construes those letters as supplements to Plaintiff's complaint.

[5] Plaintiff alleges that he began to serve his parole-violation sentence on Rikers Island, but was then transferred to Downstate, before he was ultimately transferred to Marcy.

none of his proposals have been approved as SARA compliant. Plaintiff remains incarcerated in Marcy until DOCCS officials can secure SARA-compliant housing for him, which will most likely be a SARA-compliant homeless shelter somewhere in New York City.

On or about December 23, 2021, while Plaintiff was still incarcerated in Downstate, he filed a petition for a writ of *habeas corpus* in the New York Supreme Court, Dutchess County. Following Plaintiff's transfer to Marcy, that state-court *habeas corpus* proceeding was transferred to the New York Supreme Court, Oneida County.[6] On February 4, 2022, Plaintiff filed another *habeas corpus* petition in the New York Supreme Court, Oneida County. The respondents in both of those proceedings have moved to consolidate those *habeas corpus* actions, but Plaintiff's complaint does not indicate the outcome of those actions. Plaintiff alleges that parole officials, including the individual defendants, have failed to assist him in securing SARA-compliant housing.

**DISCUSSION**

**A.    Claims for damages and injunctive relief under Section 1983 against the State of New York**

The Court must dismiss Plaintiff's claims for damages and injunctive relief under Section 1983 against the State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

---

[6] Marcy is located in Oneida County.

(internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Eleventh Amendment therefore precludes Plaintiff's claims for damages and injunctive relief under Section 1983 against the State of New York. Accordingly, the Court dismisses all of Plaintiff's claims for damages and injunctive relief under Section 1983 against the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Claims for damages and injunctive relief under Section 1983 against the individual defendants**

The Court understands Plaintiff's complaint as asserting claims for damages and injunctive relief under Section 1983 against the individual defendants arising from their alleged

failure to secure SARA-compliant housing for Plaintiff, and their alleged failure to release him

from incarceration back to parole after his parole-violation sentence expired on December 9,

2021. These claims are barred at this time, however, by the favorable-termination rule first

articulated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> The Supreme Court of the United States has explained that, under this rule:
>
> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief
> sought (damages or equitable relief), no matter the target of the prisoner's suit (state
> conduct leading to conviction or internal prison proceedings) – *if* success in that action
> would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87

("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment,

or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas

corpus. . . .") (footnote omitted). "[T]he purpose of the *Heck* favorable termination requirement

is to prevent prisoners from using § 1983 to vitiate collaterally a judicial or administrative

decision that affected the overall length of their confinement. . . ." *Peralta v. Vasquez*, 467 F.3d

98, 104 (2d Cir. 2006). "[P]unishments related to [a prisoner's] term of imprisonment, or the

procedures that led to them (if the procedural defect at issue was critical to the imposition of the

punishment), must be attacked through a habeas petition." *Id.*

Courts have held that claims under Section 1983 that challenge DOCCS officials' failure

to secure suitable parolee housing and their failure to release a DOCCS prisoner from

incarceration on his release date, pursuant to SARA, challenge the validity of the prisoner's

confinement or the duration of his confinement, and are subject to the *Heck* favorable-

termination rule. *See Todd v. Fields*, No. 20-CV-3608, 2022 WL 596829, at *5-6 (S.D.N.Y. Feb. 25, 2022); *Jackson v. Cuomo*, No. 20-CV-8930, 2022 WL 310154, at *6-8 (S.D.N.Y. Feb. 2, 2022); *Averhart v. Annucci*, No. 21-CV-0383, 2021 WL 2383556, at *15 (S.D.N.Y. June 10, 2021); *Velazquez v. Gerbing*, No. 18-CV-8800, 2020 WL 777907, *8-9 (S.D.N.Y. Feb. 18, 2020); *D'Angelo v. Annucci*, No. 16-CV-6459, 2017 WL 6514692, at *5-7 (S.D.N.Y. Dec. 19, 2017); *see also Ahlers v. Boruch*, No. 04-CV-1747, 2007 WL 2042794, at *3-5 (E.D.N.Y. July 16, 2007) (holding in the non-SARA context "that the amended complaint should be dismissed under *Heck* . . . insofar as [the plaintiff] claims the defendant refused to investigate suitable residences for approval and arbitrarily and capriciously withheld that approval").

To the extent that Plaintiff asserts claims for damages and injunctive relief under Section 1983 against the individual defendants arising from their failure to secure SARA-compliant housing for him, and from their failure to release him from incarceration back to parole after December 9, 2021, he has alleged no facts showing that the basis for his current incarceration has been somehow invalidated, including via a writ of *habeas corpus*, before bringing this action.[7] The Court therefore dismisses such claims for failure to state a claim on which relief may be granted, under the *Heck* favorable-termination rule, *see* § 1915(e)(2)(B)(ii), but without prejudice to Plaintiff's reassertion of those claims after Plaintiff has been granted *habeas corpus* relief, or other relief, that would invalidate his current incarceration.

## C.    *Habeas corpus* relief

Plaintiff may not obtain release from confinement in a Section 1983 action; he may only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson*, 544 U.S. at

---

[7] While Plaintiff appears to have filed *habeas corpus* petitions in state courts, he alleges no facts about the outcomes, if any, of his state-court *habeas corpus* proceedings.

78-82 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and noting that a writ of *habeas corpus* is the sole remedy for a prisoner seeking to challenge the fact or duration of his confinement). A prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by requesting release from custody in a civil action. *Preiser*, 411 U.S. at 489-90.

To challenge a prisoner's confinement that is due to the imposition of a state-court judgment, or to challenge the manner in which that state-court judgment is being executed, a prisoner must bring a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[8] *See James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). This includes challenges to confinement arising from the revocation of parole. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003). A prisoner challenging his custody under a state-court judgment must file his Section 2254 petition in a federal district court that has *habeas corpus* jurisdiction to consider that petition, *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973), which is either "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application," 28 U.S.C. § 2241(d).

Plaintiff, who is in custody pursuant to a state-court judgment – the New York Supreme Court, Kings County, sentenced Plaintiff to multiple indeterminate prison terms with maximums of life in prison – challenges his continued incarceration after the expiration of his parole-violation sentence, and seeks his release on parole. Thus, the proper vehicle to seek such relief is

---

[8] Under Section 2254, a federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

a petition for a writ of *habeas corpus* under Section 2254. Accordingly, for the purpose of this order, the Court construes Plaintiff's claims for his release from incarceration and his restoration to parole as claims for *habeas corpus* relief under Section 2254. Under Section 2241(d), however, this Court lacks *habeas corpus* jurisdiction to consider those claims because this federal judicial district, the Southern District of New York, is neither the federal judicial district in which Plaintiff is currently in custody, nor is it the federal judicial district in which he was convicted or sentenced.

Plaintiff is currently incarcerated in Marcy, which is within Oneida County, in the Northern District of New York. *See* 28 U.S.C. § 112(a). He was convicted and sentenced within Kings County (Brooklyn), in the Eastern District of New York. *See* § 112(c). Thus, under Section 2241(d), only the United States District Courts for the Northern and Eastern Districts of New York have *habeas corpus* jurisdiction to consider Plaintiff's claims for Section 2254 *habeas corpus* relief. *See* § 2241(d).

Under Local Civil Rule 83.3:

[u]nless otherwise provided by statute, applications for a writ of habeas corpus made by persons under the judgment and sentence of a court of the State of New York shall be filed, heard and determined in the District Court for the district within which they were convicted and sentenced; provided, however, that if the convenience of the parties and witnesses requires a hearing in a different district, such application may be transferred to any district which is found by the assigned Judge to be more convenient.

In addition, under 28 U.S.C. § 1406, if a litigant files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Because Plaintiff is challenging his current incarceration in Marcy, in the Northern District of New York, arising from DOCCS officials' alleged failure to release him back to parole after the expiration of his parole-violation sentence, as opposed to challenging his

conviction and sentencing in Kings County, the Court believes that it is in the interest of justice to transfer Plaintiff's claims for Section 2254 *habeas corpus* relief to the United State District Court for the Northern District of New York. *See* § 1406(a); Local Civil Rule 83.3. The Court therefore directs the Clerk of Court to transfer Plaintiff's claims in which he seeks his release from custody and restoration to parole to the United States District Court for the Northern District of New York.

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because, as discussed above, the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims for damages and injunctive relief under 42 U.S.C. § 1983 against the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court dismisses Plaintiff remaining claims for damages and injunctive relief under Section 1983 against the individual defendants under the *Heck* favorable-termination rule, for failure to state a clam on which relief may be granted, *see* § 1915(e)(2)(B)(ii), but without prejudice to Plaintiff's reassertion of those claims after Plaintiff has been granted *habeas corpus* relief, or other relief, that would invalidate his current incarceration.

The Court construes, for the purpose of this order, Plaintiff's remaining claims in which he seeks his release from incarceration and his restoration to parole as claims for *habeas corpus*

relief under 28 U.S.C. § 2254. In the interest of justice, the Court directs the Clerk of Court to transfer those claims for Section 2254 *habeas corpus* relief to the United States District Court for the Northern District of New York. *See* 28 U.S.C. §§ 1406(a); 2241(d); Local Civil Rule 83.3. The duty to allow Plaintiff the opportunity to withdraw his claims for Section 2254 *habeas corpus* relief before proceeding further, *see Cook*, 321 F.3d at 282, and any determinations as to whether such claims are timely, *see* 28 U.S.C. § 2244(d), and whether Plaintiff has exhausted the available state-court remedies with regard to such claims, or is required to do so, *see* § 2254(b)(1), rests with the transferee court.

This order closes this action in this court.

Because the Plaintiff makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue from this Court. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 8, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge